[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (101)
The plaintiff commenced this action by the issuance of a Writ, Summons and Complaint signed July 5, 1990, having a return date of September 4, 1990. On July 6, 1990, counsel for the plaintiff delivered to Sheriff Henry F. Healey, Jr. the Writ, Summons and Complaint for service upon the defendants, Sheriff Healey on July 12, 1990, made service of the Writ, Summons and Complaint upon the defendant, Michael A. Winston, by physically delivering a copy of the same to him and made service of the Writ, Summons and Complaint upon the defendant, Frederick A. Winston, by abode service at Frederick Winston's usual place of abode 9 Marie Drive, East Haven, Connecticut
On August 22, 1990, counsel for the plaintiff caused the original Writ, Summons and Complaint, with the return of Sheriff Healey annexed thereto to be filed with the clerk of this court.
The defendants on September 11, 1990, filed their instant motion to dismiss the plaintiff's complaint asserting that "[t]he defendants were not served with a copy of the process instituting this action in accordance with C.G.S. 52-54 and were not properly served in accordance with C.G.S. 52-593 (a)."
The statute of limitations applicable to the plaintiff's instant action C.G.S., 52-584, expired on July 6, 1990. It is the defendant's claim that since service of the Writ, Summons and Complaint did not occur until July 12, 1990, that the plaintiff's action was commenced untimely.
 Connecticut General Statutes 52-593a (a) provides that: [e]xcept in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process . . . within the time limited by law, and within fifteen days of the delivery.
The Healey Return clearly shows and demonstrates that the Writ, Summons and Complaint in this matter were delivered to him "within the time limited by law" for commencement of this action and that the same were served upon the defendants on July 12, 1990, a day "within fifteen days of the delivery." The court finds that this service complied with the requirements of section52-593a of the General Statutes. CT Page 4773
The defendants also assert that the service made by Sheriff Healey was insufficient because he failed to serve a "true copy" of the original Summons on the defendants. The defendants reason that because the copy of the Summons served upon them stated their addresses as 9 Maple Drive, rather than 9 Marie Drive, the address where service was actually made, the service was therefore insufficient. The defendants arrive at this conclusion because the Summons returned to court JA-CV-1 Rev 9-83 was corrected by handwriting to comport with the address, 9 Marie Drive, East Haven, where the Sheriff actually effected service.
There is no question that the defendants were actually served at this address, Michael, in hand, and Frederick, abode service. Their respective affidavits of September 10, 1990 confirm such service and do not dispute that it was made at their usual place of abode." Nothing more is required under C.G.S. Sec. 52-54.
The hand written change on the original Summons confirming their residence address to be the address where service was accomplished amounts to a circumstantial defect C.G.S. Sec. 52-123. Burger v. Frohlich, 4 Conn. Cir Ct 478, 472 (1967). D'Ausilio v. Knoll, 5 Conn. Cir. T. 235.
The vital consideration of actual service upon the defendants has been accomplished. Both parties have received notice and cannot be misled, the copies of the Summons fully and accurately apprise them of the pendency of this action.
Accordingly the motion to dismiss is denied.
DONALD T. DORSEY, JUDGE